[Civ. No. 2596.   First Appellate District, Division One.—December 12, 1918.]

## VALERIE SINCLAIR WHITNEY, Administratrix, etc., Appellant, v. NORTHWESTERN PACIFIC RAILROAD COMPANY ( a Corporation), Respondent.

NEW TRIAL—EVIDENCE OF ACTION OF COURT—MINUTES.—In granting a new trial, the order of the court entered upon its minutes is the only evidence of its action, and such order is to be measured by its terms, and not by the reasons which the court may give for it.

ID.—LETTER OF JUDGE—GROUND OF MAKING ORDER—RECORD UPON APPEAL.—A personal letter from the trial judge to appellant's attorney, written subsequent to an order in general terms granting a new trial, stating that only one ground was considered in making the order, namely, that deceased was guilty of contributory negligence, constitutes no part of the record on appeal, and cannot be used as a limitation of the general order.

ID.—ORDER IN GENERAL TERMS—PRESUMPTION ON APPEAL.—If any of the grounds specified in the notice of motion for a new trial are sufficient to sustain the order granting the motion, the appellate

court is bound to assume that the motion was granted on that ground.

ID.—INSUFFICIENCY OF EVIDENCE—SPECIFICATION AS GROUND—CONFLICT OF EVIDENCE—DISCRETION.—In an action for damages for death, where insufficiency of the evidence to justify the verdict is one of the grounds specified in a motion for a new trial, and the evidence is conflicting, an order granting a new trial is wholly within the discretion of the trial court, and its ruling will not be disturbed, in the absence of a showing of an abuse of such discretion.

APPEAL from an order of the Superior Court of Humboldt County granting a new trial. George D. Murray, Judge. Affirmed.

The facts are stated in the opinion of the court.

Pierce H. Ryan for Appellant.

Stanley Moore and Gillett & Cutler for Respondent.

LENNON, P. J.—This is an appeal from an order granting a new trial. The action is one for damages and is brought by the administrator of the estate of O. W. Sinclair, deceased, for the death of Sinclair in an accident in which an automobile which was being driven by the deceased was struck by a train of respondent at a public road crossing in Humboldt County. Judgment was rendered on a verdict of the jury in favor of the plaintiff for twenty-five thousand dollars. The defendant regularly made a motion for a new trial on practically all the grounds authorized by statute, including that of insufficiency of the evidence to justify the verdict.

The trial court disposed of this motion by making a general order granting the same. The appellant urges that this order should be considered as made upon the sole ground that the evidence showed deceased guilty of contributory negligence as a matter of law which would prevent a recovery; and in support of this claim, it is alleged in appellant's brief that at the time the order was made, a memorandum was given to the clerk stating such ground for the order. No such memorandum is a part of the record, and therefore cannot be considered by this court. It has, however, been repeatedly held that any limitation of such a general order, to be effectual, must be specified in the order. The order of the court entered upon its minutes is the only evidence of the action of the court

in granting the new trial, and such order is to be measured by its terms, and not by the reasons which the court may give for it. (*Ben Lomond Wine Co.* v. *Sladky,* 141 Cal. 619, [75 Pac. 332]; *Newman* v. *Overland Pacific Ry. Co.,* 132 Cal. 73, [64 Pac. 110]; *Weisser* v. *Southern Pacific Ry. Co.,* 148 Cal. 426, [7 Ann. Cas. 636, 83 Pac. 439].)

Appellant also sets out in his brief a personal letter from the trial judge to appellant's attorney, written subsequent to the order, stating that only one ground was considered in making the ruling complained of, namely, that the deceased was guilty of contributory negligence. This is attempted to be used as a limitation of the general order. This letter constitutes no part of the record on appeal. (*Hanna* v. *De-Garmo,* 140 Cal. 172, [73 Pac. 830].) An exactly similar question has been decided in the case of *Weisser* v. *Southern Pacific Ry. Co., supra.*

If any of the grounds specified in the notice of motion for a new trial are sufficient to sustain the order, we think this court is compelled to assume, in favor of the order appealed from, that the motion was granted upon that ground. (*Ben Lomond Wine Co.* v. *Sladky, supra.*)

Insufficiency of the evidence to justify the verdict was one of the grounds specified in such notice of motion. There is a voluminous record in the case, and an examination of it discloses much conflict in the testimony. Under these circumstances, the order granting a new trial was wholly within the discretion of the trial court. The record affords no basis for a claim that there was any abuse of discretion, and the ruling of the trial court cannot be disturbed. (*Newman* v. *Overland Pacific Ry. Co., supra.*)

While it is unnecessary, for the purposes of this appeal, to consider any of the other points made in support of the order, the question as to whether deceased was guilty of contributory negligence as a matter of law, thereby barring a recovery against defendant, has been carefully briefed by counsel for both appellant and respondent, and its determination may be necessary for the purposes of a new trial.

From the evidence it appears that the deceased was driving his automobile from his home in Eureka to Dyerville. The top of the machine was up. At about 5 o'clock in the afternoon he crossed Eel River on a pontoon bridge, and proceeded

thence along a winding road up a steep grade, traveling slowly, to the top of the river bank, along which was the railroad track, across which the highway ran. While crossing the railroad track, the automobile was struck by defendant's freight train and deceased sustained injuries from which he died. It is conceded that the testimony shows that the view of the railroad track was obstructed by trees and weeds, and that a steel bridge was being erected across the river, and the noises incident to its construction would make it difficult for a traveler to hear an approaching train. The testimony is to the effect that the deceased did not stop his automobile from the time he started up the hill until he was struck by the train. The testimony is conflicting as to when the train started to blow a warning whistle. The defendant, however, contends that it was the duty of the deceased to stop his automobile and look and listen for an approaching train before crossing a steam railroad track where the view of the track was obstructed, and that, failing to do so, he was guilty of contributory negligence as a matter of law. The plaintiff contends that the peculiar facts of this case place it outside of this rule for the reason that there was no place of safety in which the defendant could stop after he had reached a point where, by stopping and looking, he might have seen the train. There is some testimony to the effect that until the deceased had passed the last obstruction he could not have seen the train, and that when the last obstruction was passed, deceased was so close to the track that had he stopped his car he would have been struck by the overhang of the engine. Even according to defendant's contention, deceased had but one and nine-tenths feet clearance after passing the last obstruction, within which to stop. Clearly, then, deceased could not have stopped his automobile in a place of safety where he could have seen the train, and at least some of the evidence is to the effect that he could not have heard the train if he had stopped, on account of the noise of the work of constructing the bridge. Under the circumstances, Was it the duty of deceased to have stopped his machine before passing the obstructions, and to have proceeded ahead on foot, if necessary, in order to ascertain if there was any danger before crossing the track?

We think the case of *Murray* v. *Southern Pacific Ry. Co.,* 177 Cal. 1, [169 Pac. 675], relied upon by defendant, does not

lay down the rule of law as broadly as contended for by defendant. In that case the supreme court takes particular care to point out that it is not the rule of law in this state that a driver of a motor vehicle, approaching a steam railroad crossing, is negligent if, his vision being obstructed, he does not stop his vehicle, leave it, and go forward for the purpose of observation. The supreme court, in adopting the decision of the court of appeal, points out that the discussion therein is addressed to the motion for a nonsuit under the particular facts of that case. As said in that case, it is only when but one conclusion can reasonably be reached from the evidence on the question of contributory negligence, that the question is one of law for the court; and that even where there is no conflict in the evidence, contributory negligence is a mixed question of law and fact for the jury, if different conclusions upon the matter can rationally be drawn from the evidence. (*Fernandes* v. *Sacramento etc. R. R. Co.,* 52 Cal. 45; *Chidester* v. *Consolidated Ditch Co.,* 59 Cal. 197; *McKeever* v. *Market St. R. R. Co.,* 59 Cal. 294; *House* v. *Meyer,* 100 Cal. 592, [35 Pac. 308].)

In the case at bar it would seem that the question of negligence was one for the jury. To reach a conclusion on this question involves several deductive processes. First, it seems, the jury would have to decide from the evidence whether or not deceased knew of the location of the crossing, and that he was approaching it, for until they had decided that matter, they could not decide whether or not, under all the circumstances, deceased was negligent in not stopping to look and listen. As said by the court in the case of *Murray* v. *Southern Pacific Ry. Co., supra,* there is no absolute duty on a driver to stop before crossing a railroad track. Negligence is measured by the conduct of a reasonably prudent man, and cannot be determined until all the facts surrounding the incident are determined. All of the decisions cited by respondent, which set out the duty of plaintiff to stop and look and listen upon approaching a crossing, assume that the location of the crossing was known to the plaintiff, and that by stopping, looking, and listening before reaching the track, the approach of the train could be discovered. These are all disputed facts in the case at bar, upon which the evidence is conflicting.

We think the question of the contributory negligence of the deceased in this case is a question for the jury, under proper instructions from the court.

The order granting a new trial is affirmed.

Beasly, J., *pro tem.*, and Sturtevant, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 4, 1919, and the following supplemental opinion then rendered thereon:

LENNON, P. J.—In our review of the evidence in this case, in the opinion filed herein, it will be observed that we stated: "In the case at bar it would seem that the question of negligence was one for the jury. To reach a conclusion on this question involves several deductive processes. First, it seems, the jury would have to decide from the evidence whether or not deceased knew of the location of the crossing, and that he was approaching it, for until they had decided that matter, they could not decide whether or not, *under all the circumstances,* deceased was negligent in not stopping to look and listen." It is not a question of conflict—it is a question of drawing an inference from testimony. As indicated in the above-quoted portion of the opinion, there were other circumstances also from which the jury would have to draw further inferences. For under our view of the law, it was not only necessary for the jury to draw an inference from the testimony upon the subject of deceased's knowledge of the location of the track, but it was also necessary for them to decide from the testimony before them (which was conflicting on these points) whether, if the deceased had stopped and looked and listened, it would have been possible for him to have discovered the train approaching, in view of the obstructions and of the noises incident to the construction of the new bridge. For it seems to us that if he could not have seen or heard the train from any point where he might have stopped in safety, after he started up the hill, then his failure to so stop and look and listen was not the proximate cause of his death.

From the nature of the case, it was impossible to have any direct evidence upon the question of whether or not the exact location of this railroad track was known to the deceased. The evidence relied upon by the defendant, and strongly

urged in his petition for rehearing, is to the effect that deceased had been over the road before. Some of it does not even necessarily warrant that conclusion, for it is that deceased was at a hospital in Scotia on several occasions—but there is no evidence that he passed over this road to get there or that he came to Scotia from Eureka upon the occasions in question. It was our opinion, and it is now our opinion, that the conclusions to be drawn from this evidence should be drawn by the jury, in view of the presumption of the law that the defendant acted with proper regard to his own safety. The jury would have to believe from the evidence offered to the effect that the deceased had on former occasions passed over this road—that at the time of the accident he knew the location of the track. Certainly defendant will not argue that there is any legal duty upon the deceased to remember the location of a railroad upon a road over which he may have previously traveled. There being no conclusive presumption of this fact, the jury should be permitted to draw its own inference from the testimony, and that inference would naturally depend upon what the evidence showed as to the number of occasions upon which deceased had traveled the road and at how long a time prior to the accident.

And it is further our opinion, that even if it were conceded that the evidence is direct and positive and unconflicting upon the question of the deceased's knowledge of the location of the track—that nevertheless, in view of the fact that the evidence is plainly conflicting as to whether deceased could have heard the approach of the train if he had stopped, after passing the last obstruction to his view—on account of the noise of riveting, etc., on the new bridge—and in view of the fact that the evidence is conflicting as to whether it was possible for the deceased to have stopped in a place of safety after reaching a point where the last obstruction to his view had been passed—the question was one of fact for the jury. In other words—it is our view that in order to reach a conclusion upon the question of contributory negligence in this case, it is necessary first for a conclusion to be reached by the jury as to whether defendant could have stopped in a safe place where he could have seen the train, after passing the obstructions to his view—whether he could have heard the train if he had stopped—whether he was aware at the time of the location of the railroad track. All of these matters would have bearing

either upon the question of reasonable care or proximate cause.

This court has carefully read the one thousand two hundred pages of transcript of testimony in this case, and we think, as said before, that it is the province of the jury to make deductions from evidence in order to arrive at ultimate facts. In the case of *Murray* v. *Southern Pacific Ry. Co.*, 177 Cal. 1, [169 Pac. 675], it is said that even where there is no conflict in the evidence, contributory negligence is a mixed question of law and fact for the jury, *if different conclusions upon the matter can rationally be drawn from the evidence* (citing *Fernandes* v. *Sacramento etc. R. R. Co.*, 52 Cal. 45; *Chidester* v. *Consolidated Ditch Co.*, 59 Cal. 197; *McKeever* v. *Market St. R. R. Co.*, 59 Cal. 294; *House* v. *Meyer*, 100 Cal. 592, [35 Pac. 308]). This case was cited by the defendant in its brief. We have carefully read not only every authority cited by appellants and respondents, but we have also read the authorities referred to in such cited cases. The language of some of these cases at times seems to lay a more positive obligation upon plaintiff—but it is our opinion that a careful examination of such cases indicates that they are expressly confined to the peculiar facts of the case under discussion—and that, upon the whole, there is no set formula by which the matter can be measured in all cases. It is true that in some cases the evidence is such that it becomes plainly apparent that it was the imperative duty of the injured person to stop, look, and listen under all the circumstances, for by so doing he could have avoided the accident. In the present case we think that may or may not have been the case—but it is not a question about which there could be but one opinion and the matter should be left to the jury.

The defendant points to the evidence of the companion of deceased who was in the automobile at the time of the accident, to the effect that deceased had said: "Well, I know the way to Scotia." Also respondent urges that the testimony shows that the deceased was an old resident of Humboldt County; that he had been at a hospital in Scotia on several occasions; that the uncle of deceased formerly was the superintendent of a mill near the scene of the accident, and that deceased visited him in former years. These matters are susceptible of the deduction which respondent draws from them to the effect that the location of the track was known to deceased, and yet

they are nothing more than premises upon which counsel for respondent bases his conclusion.

The respondent also urges that from the photographic exhibits it appears that a railroad crossing sign confronted deceased about one hundred feet away from the track. The evidence upon the question of whether or not this sign was visible to one in the position of the deceased as he approached the scene of the accident was conflicting.

The facts of this case, we think, do not bring it within the rule of *Larrabee* v. *Western Pacific Ry. Co.,* 173 Cal. 743, [161 Pac. 750]. The facts in that case, as stated by the court, were "that the man was driving in a slow-moving wagon in broad daylight, was approaching a crossing *with which he was perfectly familiar,* and approaching it under circumstances *where he could with perfect safety have stopped his progress and looked back* to see whether or not the train was approaching him from behind. *His view of that train was unobstructed for at least one thousand five hundred feet."* The question of negligence was submitted to the jury under an instruction that the speed of the train did not relieve the deceased from the duty of stopping, looking, and listening, and if he failed so to do and *such failure contributed directly and proximately to the accident,* then, regardless of said speed, the verdict must be for the defendant. The appellate court reversed the judgment for the plaintiff because it found that the verdict was against law, having ignored completely the above-mentioned instruction. Under that instruction, the question of proximate cause was the ultimate question before the jury.

If, therefore, under the evidence in the case at bar, the jury should find that the deceased knew the location of the track, and did not stop to look or listen—yet it seems to us that if they also found that the deceased could not have heard or seen the train if he had stopped—they would be forced to the conclusion that his failure to stop, to look, and listen was not the proximate cause of the accident.

And this, to our minds, is an additional reason why, in the present case, the question of contributory negligence is one for the jury, under proper instructions.

In the case of *Green* v. *Southern Cal. Ry. Co.,* 138 Cal. 1, [70 Pac. 926], also cited, by defendant, it appears conclusively that if the plaintiffs had stopped to look and listen they could

have seen the train, and therefore the question of the proximate cause of the injury was beyond dispute.

In the case of *Koch* v. *Southern Cal. Co.,* 148 Cal. 677, [113 Am. St. Rep. 332, 7 Ann. Cas. 795, 4 L. R. A. (N. S.) 521, 84 Pac. 176], the court said that according to the map or plat of the locality found in the record, as well as according to the undisputed evidence of the witnesses, the buildings in the vicinity of the accident were so disposed that if the plaintiff had been on the alert and driving with reasonable caution he might have caught sight of the approaching train in ample time to have avoided the accident. This is one of the matters which, in our opinion, the jury should decide in the case at bar. It is a necessary step toward the conclusion contended for by defendant that the deceased was guilty of contributory negligence, and the evidence upon it is conflicting.

In the case of *Griffin* v. *San Pedro Co.,* 170 Cal. 772, [L. R. A. 1916A, 842, 151 Pac. 282], it is stated in the opinion "that the plaintiff Griffin unquestionably could have seen the train if he had stopped at a point only a few feet from that at which he did pause." In that case the court recognized the doctrine announced in the opinion in the case of *Eaton* v. *Southern Pacific Co.,* 22 Cal. App. 461, [134 Pac. 801], where it was held: "That plaintiffs were bound to stop upon coming out from between the boxcars only *in case they had time and space within which* to do so. Negligence cannot be imputed to them by reason of their failure to do an impossible act." The court in the case of *Griffin* v. *San Pedro Co., supra,* also recognized the doctrine announced in *Vance* v. *Atchison etc. Ry. Co.,* 9 Cal. App. 20, [98 Pac. 41], wherein the court, while asserting the duty of a traveler to look and listen when near a railroad crossing, held that the obligation to look is only enjoined *when, by its exercise, the approaching train could have been discovered.* And while recognizing the doctrine in these two last cited cases, the court, in the said case of *Griffin* v. *San Pedro Co.,* expressly differentiated that case by the fact that in it the plaintiff unquestionably could have seen the train if he had stopped at the proper place.

We see no reason to change our views as announced in the former opinion in this case, and, therefore, the petition for a rehearing is denied.

Kerrigan, J., and Beasly, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 10, 1919, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the first appellate district, division one, is denied upon the ground first stated in the opinion of said district court of appeal, and without regard to anything that is stated in the opinion upon the question of contributory negligence of the deceased, as to the correctness of which we are not to be understood as expressing or intimating any opinion.

Angellotti, C. J., Sloss, J., Lawlor, J., and Wilbur, J., concurred.