[Crim. No. 1142. Third Appellate District.—January 7, 1931.]

THE PEOPLE, Appellant, v. F. P. DRIGGS, Respondent.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

George F. Jones for Respondent.

MR. JUSTICE PLUMMER Delivered the Opinion of the Court.—The defendant was charged with the crime of assault with intent to commit murder, in an information filed by the district attorney of the county of Butte. Upon the trial, a verdict of guilty of assault with a deadly weapon, was returned by the jury. The defendant thereupon moved for a new trial, which was granted. From the order granting a new trial the People prosecute this appeal.

The argument of counsel directs our attention first to the fact that while twelve jurors were sworn to try this cause, one of the jurors became too ill to act, and the attorneys, together with the defendant, consented that the trial might proceed with the presence of only eleven jurors, and that the verdict rendered by such a jury is regular and valid.

The contention on the part of the People is advanced that by the recent amendment to section 7 of article I of the Constitution, whereby it is provided that a defendant in a felony case may waive trial by jury, the right and authority is necessarily included to waive trial by a jury of

twelve persons. In support of this contention is the case of *Patton et al.* v. *United States*, 281 U. S. 276 [74 L. Ed. 854, 50 Sup. Ct. Rep. 253], decided April 14, 1930, where, in a very exhaustive opinion, all the cases from the different states having to do with the question of the waiver of trial by jury, and of the waiver by the defendant to be tried by a less number than twelve, are carefully collected and considered, and the conclusion reached that as the constitutional provisions with respect to the right of trial by jury, are not a part of the frame of government, but only a guarantee to the accused of the right of such trial, it is a right which a defendant may waive either in whole or in part. But however interesting this question may be, it is not an important factor in this case. The fact that the judge of the trial court gave this question considerable attention, and apparently was of the opinion that a new trial should be granted by reason of the fact that the trial was allowed to proceed without the presence of twelve jurors, it is what the court did, and not what the judge of the court stated during the course of the trial, that determines the course of our inquiry upon this appeal, as there is a vital distinction between what the judge of a trial court may say and what the trial court actually does. ■ In other words, it is the legitimate privilege of a trial court, at the conclusion of an argument upon motion for new trial, to state his views concerning the case, and then, upon fuller and maturer deliberation, come to the conclusion that a different order should be made, and then to enter the same. When the cause is brought to an appellate court, argument as to what the trial court may have thought, as given utterance by the words used before final action is taken, cannot be considered unless directly in line with the subsequent orders made. Thus, if an order is made granting a new trial on the ground of insufficiency of the evidence, if the opinion of the trial court points out wherein the evidence is insufficient, it is an aid to the appellate court in determining whether or not the discretion of the trial court has or has not been abused. But if the opinion contains expressions foreign to the order actually entered, the order entered, only, is controlling here.

By the clerk's transcript of this cause we find that after the motion for new trial had been definitely submitted,

the following order was entered (omitting title of court and cause):

"This case came on for hearing on motion for new trial, before Hon. H. D. Gregory, Judge; Present: Court Reporter McCallum; Assistant District Attorney Rothe, for The People, and George F. Jones, for the defendant. The defendant is present in court with his counsel. Arguments on motion for new trial are resumed by Assistant District Attorney Rothe, followed by Attorney Jones, for the defendant. The court now reviews the points brought out in counsel's arguments, and finds that the evidence is not sufficient to sustain the verdict. The court orders that a new trial be granted. Assistant District Attorney Rothe now makes a motion to appeal from the judgment of the court. The court now sets Monday, September 29, 1930, as the date of the new trial. The defendant to go on a new bail bond.

"Attest: A true copy.

"C. F. BELDING, Clerk.

"By BEORA SNOW, Deputy Clerk."

██ For the purposes of deciding this case, only one question is left for us to consider, and that is, in making the order set forth, did the trial court abuse its discretion? This court, in *People* v. *Petros,* 25 Cal. App. 236 [143 Pac. 246, 247], used the following language which is pertinent here: "The rule is thoroughly settled that the granting or denying a new trial on the ground that the evidence is insufficient to justify the verdict where there is a substantial conflict in the evidence, rests so fully in the discretion of the trial court that its action is conclusive upon this court, unless it appears that there has been an abuse of discretion." (Citing *Domico* v. *Casassa,* 101 Cal. 413 [35 Pac. 1024]; *Warner* v. *Thomas etc. Works,* 105 Cal. 411 [38 Pac. 960, 964]; *Eidinger* v. *Sigwart,* 13 Cal. App. 667 [110 Pac. 521], and cases there cited.) "Indeed, it has repeatedly been said in the cases that the action of a trial court in granting a new trial upon the ground of insufficiency of the evidence to justify the decision, is so far a matter within its discretion that if there is any appreciable conflict in the evidence, it is not open to review". (Citing a number of cases.) See, also, the long list of

cases appended to a note to section 1181 of the Penal Code, Kerr's Cyc. Codes of California. The cases there cited are too numerous to be set forth herein. (See, also, *People* v. *Ray,* 91 Cal. App. 781 [267 Pac. 593], and cases there cited.)

The facts as disclosed by the record are to the effect that the defendant was a railroad police officer in the service of the Western Pacific Railroad Company; that it was his duty to guard trains, and especially freight trains, against all persons attempting to steal rides thereon. In this capacity the defendant was one of the police officers guarding a freight train as it was pulling out of the yards in the city of Oroville; that at the time in question he was riding on top of one of the freight-cars, constituting a portion of the train; that he noticed a number of men on the right of way belonging to the railroad company, who started forward as if to board the train, and in order to warn them and cause them to desist from such act, he drew a revolver and fired over their heads; by some mischance the bullet from the revolver so fired by the defendant, in its course, struck a man by the name of Lake, who was some 1200 feet away from the defendant, and unobserved and unnoticed by him; the bullet, striking Lake, caused serious, as well as what appears to be permanent injuries. The whole trial revolved around the question as to whether the shooting of Lake by defendant was purely accidental, and whether the defendant, by his conduct in shooting over the heads of the few men who were about to board the train, was guilty of criminal negligence in not observing that there were other persons within the possible range of the shot fired by him. The distance of Lake from the defendant would very readily lead to the conclusion that the striking of Lake by the bullet was purely accidental, but the question still remains as to the character of the defendant in firing the shot, which was a question of fact for the jury.

An examination of the testimony shows that two conclusions might readily be reached: One, that there was criminal negligence; the other, that there was no criminal negligence, and that the result of the shooting was purely accidental, and however civilly liable the defendant might be, there was no criminal responsibility. It is also apparent

from a reading of the record that the jury might very readily be influenced by the seriousness of the wound inflicted upon Lake, and brought in a verdict of assault with a deadly weapon, based, in part, upon such considerations.

This short summary of the case shows that this court has no alternative but to affirm the order granting a new trial. As the cause must go back for another hearing, it is incumbent for us to call attention to at least one other point urged by the respondent relative to one of the instructions given to the jury. The record shows that the trial court gave to the jury as one of its instructions, section 20 of the Penal Code, reading as follows: "In every crime or public offense, there must exist a union or joint operation of act or intent of criminal negligence." And then, as a definition of "criminal negligence", the following: "the words 'neglect', 'negligence', 'negligent' and 'negligently' import a want of such attention to the nature or probable consequences of the act, or omission, as a prudent man ordinarily bestows in acting in his own concerns". Though found in the Penal Code, this definition of "negligence" is only of an act which fixes civil liability; it is the definition of the kind of act which fixes responsibility upon, for instance, drivers of automobiles, where no criminal element whatever is involved. In order to constitute criminal negligence, there must enter into the act some measure of wantonness or flagrant or reckless disregard of the safety of others, or wilful indifference. If no one of these elements enters into the act, the person charged cannot be held guilty of criminal negligence.

When the court attempted to instruct the jury on the subject of negligence, the instruction should have been so framed as to advise the jury as to the kind of negligence characterized as "criminal" by section 20 of the Penal Code. As to the use of the term "criminal negligence", and the meaning thereof, as found in different statutes, we may refer to the long list of cases found in volume 2, page 1750, of Words and Phrases, and volume 1, second series, page 1153 of Words and Phrases.

As other alleged errors assigned by respondent may not characterize a subsequent trial, we do not deem it necessary to further extend this opinion.

The order of the trial court is affirmed.