[Civ. No. 4698. Third Appellate District.—June 20, 1933.]

JAY J. BONESS et al., Respondents, v. CHARLES W. HELPHINSTINE, Appellant.

Butler, Van Dyke, Desmond & Harris for Appellant.

J. Oscar Goldstein for Respondents.

THOMPSON, J.—The defendant has appealed from an order granting a new trial after judgment was rendered in his favor pursuant to the verdict of a jury. The suit was brought to recover damages for personal injuries sustained as the result of an automobile collision at the intersection of streets in Chico. The appellant contends that the court abused its discretion in granting a new trial, and that the evidence conclusively shows that the plaintiff Jay J. Boness was guilty of contributory negligence which bars him from the right to recover judgment.

About 6:30 o'clock in the evening of December 4, 1930, a collision occurred between the automobiles of the plaintiff and defendant at the intersection of Sacramento Avenue and the Esplanade in Chico. The plaintiff, accompanied by his wife and child, were driving northerly on Sacramento Avenue. He executed a left-hand turn on the Esplanade. As his car reached the intersection of these streets, the defendant's machine, which was running southerly on Sacramento Avenue, struck plaintiff's car and drove it into the left-hand gutter. The plaintiff's wife sustained injuries, and his automobile was badly demolished.

Both the plaintiff and his wife testified to substantially the same facts. They said that their machine entered the intersection of the streets traveling on the proper side

thereof at about the rate of fifteen miles an hour; that when they first entered the intersection they observed the defendant's car coming toward them along Sacramento Avenue. He was then about 150 feet away and running at the rate of 35 miles an hour. After diminishing their speed to permit another machine to pass ahead of them, and observing that the defendant was bearing down upon them at a rapid rate of speed, the plaintiff stepped on his accelerator to avoid the collision, but was struck as above related. The plaintiff testified in that regard: "Q. Who was in the intersection first . . . ? A. I was. . . . Q. How fast were you going across that crossing when you made the turn? A. Fifteen miles. . . . Q. When you got into the intersection how was he coming at you, fast or slow? A. Fast. . . . Q. What can you say as to his speed? A. I would say he was going 35 miles an hour or more. . . . Q. Why didn't you stop when you saw him coming at you at that high rate of speed? A. Because I knew he was going to hit me. . . . Q. What did you do? A. I stepped on the gas and kept going fast. Q. Could you have done anything else? A. No sir."

The chief defense was directed toward the contention that the plaintiff's wife was not seriously injured as a result of the accident. It was also claimed the plaintiff made a left-hand turn on the wrong side of the central intersection of the streets and that his conduct constituted contributory negligence which precludes his right of recovery. There is a conflict of evidence regarding this contention of the defendant. When the evidence of the plaintiff was closed, the defendant made no motion for a nonsuit. By this failure he appears to have recognized the fact that contributory negligence was not shown by the evidence of the plaintiff as a matter of law. The defendant's attorney recognized the fact that he expected a conflict regarding the cause of the accident, by saying to the jury, in his opening statement, after the plaintiff's evidence was closed: "The defendant will produce an eyewitness to that accident and . . . will show you how this accident actually occurred; . . . we will show that Jay J. Boness started to make that turn from a point approximately fifty or fifty-five feet south of that intersection; that at no time did he ever reach the right-hand side of Sacramento avenue; that on the contrary he cut that corner very sharply."

The cause was tried with a jury. A verdict was returned in favor of the defendant. A judgment was entered accordingly. The plaintiff moved for a new trial on the ground, among others, that the evidence fails to support the judgment. This motion was granted "because of the insufficiency of the evidence". From this order the defendant has appealed.

The record in this case discloses a conflict of evidence on the material issues which are involved. The contributory negligence of the plaintiff is not shown as a matter of law. ■ The granting of a new trial for the insufficiency of the evidence to support the judgment is largely discretionary. Except for an abuse of discretion, an order granting a new trial may not be disturbed on appeal. ■ There is no abuse of discretion shown by the record in the granting of a new trial in the present case. (2 Cal. Jur. 905, sec. 533; *Johnson* v. *Ostrom,* 128 Cal. App. 38 [16 Pac. (2d) 794]; *Peri* v. *Culley,* 119 Cal. App. 117 [6 Pac. (2d) 86]; *People* v. *Driggs,* 111 Cal. App. 42 [295 Pac. 51].)

■ It is immaterial that the judge may have used the following expression in the rendering of his opinion granting a new trial, to wit: "Testimony other than that given by human beings has influenced the jury in this case." The order was in fact granted "because of the insufficiency of the evidence". If the previous statement of the judge should be considered, it apparently indicates that he was satisfied the verdict of the jury was in conflict with the reliable evidence. ■ An appellate court may not consider extraneous remarks of a judge in passing upon a motion for new trial to upset an order which specifically assigns the statutory grounds upon which the new trial is granted. In *People* v. *Driggs, supra,* it is said in that regard: "When the cause is brought to an appellate court, argument as to what the trial court may have thought, as given utterance by the words used before final action is taken, cannot be considered unless directly in line with the subsequent orders made. . . . If the opinion contains expressions foreign to the order actually entered, the order entered, only, is controlling.

The order granting a new trial is affirmed.

Plummer, J., and Pullen, P. J., concurred.