[L. A. No. 15858. In Bank.—October 23, 1936.]

GRACE KREBS et al., Appellants, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Respondent.

A. Brigham Rose, Paul Angelillo and Chauncey Tramutolo for Appellants.

Gibson, Dunn & Crutcher, Philip C. Steery and Ira C. Powers for Respondent.

SEAWELL, J.—Plaintiffs appeal from an order granting defendant's motion for a new trial. Plaintiffs, husband and wife, received personal injuries when the automobile which plaintiff C. A. Krebs was driving, and in which plaintiff

Grace Krebs was a passenger, was struck by a street car of defendant railway company.

They brought a single action to recover damages for personal injuries sustained by each of them. The court entered judgment upon the jury's verdict assessing damages to Grace Krebs in the sum of $10,000 and damages to C. A. Krebs in the sum of $2,000. Thereafter the court granted defendant's motion for a new trial. The following oral order was made by the trial judge from the bench: "Matter heretofore submitted, it is now ordered that defendant's motion for a new trial will be granted on the ground of excessive damages, unless within ten days the plaintiffs remit $7,500 in writing, and upon the filing of said remission the motion will be denied." Plaintiffs failed to file the remission, with the result that a new trial was granted. Plaintiffs appeal from said order.

Plaintiffs contend that the court erroneously granted a new trial as to both plaintiffs, although it was of the view that the damages were excessive as to plaintiff Grace Krebs only. They further contend that if it must be held that the order conditionally granted a new trial on the ground that the damages awarded both plaintiffs were excessive, nevertheless it should have specified an amount to be remitted from each assessment as a condition to denying the new trial, instead of specifying a lump sum to be remitted from the total of both assessments. Plaintiffs may have been willing to accept a remission as to the assessment for damages to one of them, while as to the other they would elect to prosecute an appeal from the order granting a new trial. The improper form of the condition would not render invalid an order granting a new trial on a valid ground. If the condition was not complied with, the order granting a new trial, if otherwise valid, became operative. (*Bledsoe* v. *Darrow,* 132 Cal. 312 [64 Pac. 397].)

However, we are of the view that a new trial was granted erroneously as to both plaintiffs on the ground that the damages awarded Grace Krebs only were excessive. For this reason the order must be reversed as to plaintiff C. A. Krebs without regard to plaintiffs' further contention that it should be set aside as to both of them because of bias and prejudice of Hon. Guy F. Bush, Judge, which disqualified him to pass on said motion for a new trial.

The order, as quoted in the second paragraph of this opinion, grants a new trial as to both plaintiffs "on the ground of excessive damages". Defendant contends that we may not look to the record of proceedings which led to the entry of the order to determine that the court granted a new trial as to both plaintiffs on the ground that the damages awarded Grace Krebs only were excessive. (*Tweedale* v. *Barnett,* 172 Cal. 271 [156 Pac. 483]; *Condon* v. *Ansaldi,* 203 Cal. 180 [263 Pac. 198]; *People* v. *Driggs,* 111 Cal. App. 42 [295 Pac. 51]; *Whitney* v. *Northwestern Pac. R. R. Co.,* 39 Cal. App. 139 [178 Pac. 326]; *Boness* v. *Helphinstine,* 132 Cal. App. 677 [23 Pac. (2d) 420].)

This is not a proper case for application of the authorities relied on by defendant. Said decisions are founded on reason, but to hold that they govern the instant case plainly would be unreasonable. In *People* v. *Driggs, supra,* a defendant was convicted by a jury of eleven persons. During the trial the court had indicated that a new trial should be granted because he was of the view that the defendant could not consent to his trial by a jury of less than twelve, but he made an order granting a new trial on the sole ground of insufficiency of the evidence. It was held that remarks of the judge before final action on the motion for new trial could not be considered; that a judge at the conclusion of an argument upon motion for a new trial may state his views, and then, upon fuller and maturer deliberation, come to the conclusion that a different order should be made.

In the instant case the remarks of the court made at the very time he rendered his order orally from the bench, when considered in the light of what he had said on the preceding day, indicate that he granted the new trial as to both plaintiffs on the ground of excessive damages to Grace Krebs alone. He had stated on the preceding day that unless plaintiffs would consent to reduction of Mrs. Krebs' judgment to $2,500, a new trial would be granted, and that he would not grant a new trial as to one of the plaintiffs; that he would not let an appeal be taken as to one of the plaintiffs. His remarks made at the very time of pronouncement of said order, and as part of its rendition, indicate that he was still of the same view. The remission of $7,500, as ordered by the court, from the total of both verdicts, which was

$12,000, leaves $4,500 which is equivalent to the sum of $2,000, awarded by the jury to C. A. Krebs, plus $2,500, the amount the court previously had stated was the proper allowance for injuries to Mrs. Krebs.

Plaintiffs further contend that the order granting a new trial should be reversed as to both of them on the ground of bias and prejudice of Judge Bush, which disqualified him from passing on the motion for new trial. Notwithstanding the alleged bias and prejudice against plaintiffs' case which said judge evinced by his remarks and conduct during the trial, the jury returned a verdict for both plaintiffs. They desire to retain the judgment entered for them on said verdict, and urge the disqualification of said judge only for the purpose of invalidating the action taken by him on the defendant's motion for new trial.

It is unnecessary here to set forth the acts and statements upon which plaintiffs rely to show prejudice. We are impelled to the conclusion that plaintiffs lost the right to object to the qualification of said judge not only by failing to file a statement of his disqualification at ''the earliest practicable opportunity'', as required by section 170 of the Code of Civil Procedure, but also by voluntarily withdrawing the affidavit of bias and prejudice filed by them after the hearing on defendant's motion for new trial.

It was held prior to the 1927 amendments to section 170 of the Code of Civil Procedure, that disqualification of a judge based on interest could not be waived. (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187 Pac. 1056]; *Cadenasso* v. *Bank of Italy,* 214 Cal. 562, 563 [6 Pac. (2d) 944]; *City of Vallejo* v. *Superior Court,* 199 Cal. 408 [249 Pac. 1084]; 14 Cal. Jur. 817; notes, 5 A. L. R. 1588; 57 A. L. R. 292.) It is unnecessary to determine here whether the 1927 amendments changed the rule in this respect. Where the disqualification depends not on interest, but on alleged bias and prejudice, that is, the state of mind of the judge, since the amendments, as well as prior thereto, a party with knowledge of the facts which tend to show prejudice cannot, without objection, permit a motion for new trial to proceed through hearing, and in the event of an adverse decision, submit that the judge was prejudiced. (*People* v. *Berman,* 117 Cal. App. 334 [4 Pac. (2d) 226]; *In re John-*

*son's Estate,* 101 Cal. App. 110 [281 Pac. 435] ; *Estate of Friedman,* 171 Cal. 431, 439 [153 Pac. 918].) Section 170 formerly provided that bias and prejudice were grounds of disqualification when made to appear by affidavit. Since 1927 it is provided that the judge shall not sit ''when it is made to appear [that is by statement filed with the clerk] probable that, by reason of bias and prejudice'' of the judge a fair trial cannot be had. Since 1927 the section further provides that the statement of objection to the judge ''shall be presented at the earliest practicable opportunity''.

If disqualification of the judge resting on bias and prejudice could not be waived, it would follow that the acts of bias and prejudice on which plaintiffs rely, if sufficient to set aside the order for new trial, would also invalidate the judgment which plaintiffs seek to retain. The acts which plaintiffs cite to demonstrate the disqualification took place during the trial and prior to said judgment.

The proceeding to disqualify a judge, as provided in section 170 of the Code of Civil Procedure, is initiated by filing of a verified statement, to which the judge must file an answer if he is unwilling to consent that the case be heard by another judge. Pending the determination of his qualification by another judge, said judge is without right to take further action in the case. (*Keating* v. *Keating,* 169 Cal. 754 [147 Pac. 974] ; *Morehouse* v. *Morehouse,* 136 Cal. 332 [68 Pac. 976] ; *Bassford* v. *Earl,* 162 Cal. 115 [121 Pac. 395].) An order made by him on a motion for new trial will be vacated and set aside on appeal from said order.

In the instant case the motion for new trial came on for hearing on October 15, 1934. After the court had stated that unless plaintiffs would consent to reduction of the verdict for Mrs. Krebs to $2,500 a new trial would be granted. as to both plaintiffs, and had taken the motion under submission, plaintiffs filed an affidavit pursuant to section 170 of the Code of Civil Procedure. On the following day the judge stated that he would make an order to that effect if plaintiffs would withdraw the proceedings under section 170 of the Code of Civil Procedure. ''Thereupon,'' the bill of exceptions states, ''counsel for plaintiffs consented to withdraw the proceedings and to strike the affidavit of prejudice, which motion was granted.''

It has been held that if the affidavit or statement insufficiently charges bias or prejudice, or is filed too late, the judge may strike it from the files, and is not required to submit it to another judge. (*People* v. *Nolan,* 126 Cal. App. 623, 628 [14 Pac. (2d) 880]; *People* v. *Berman, supra; People* v. *Emmett,* 123 Cal. App. 678 [12 Pac. (2d) 92].) The acts which appellants cite in their briefs as indicating the bias and prejudice of the judge against them and their attorney took place during the trial of the case. If appellants desired to challenge the right of said judge to pass on the motion for new trial they should have filed their statement of prejudice before the motion for new trial came on for hearing, instead of waiting until after said judge had indicated that he would decide against them.

If it be conceded that the affidavit was filed in time, nevertheless appellants are barred from raising the question of disqualification on this appeal by reason of the fact that they voluntarily withdrew it. The affidavit was filed after the hearing on the motion for new trial on October 15th. The remarks of the judge in court on October 16th indicate that while the affidavit of prejudice was pending he deemed himself without right to act on the motion for new trial. He informed counsel of the order he would make if the affidavit was withdrawn. With full knowledge of the action contemplated, which action was adverse to plaintiffs in that it required them to remit $7,500 from verdicts totaling $12,000 as a condition to denial of defendant's motion for new trial, plaintiffs consented to withdraw said affidavit, and thereby waived their right to object to said judge passing on the motion.

It cannot be held that the court erred in granting a new trial as to Mrs. Krebs on the ground that the damages awarded her were excessive. Without reciting the evidence bearing on the issue of damages it is sufficient to say that the trial court in the exercise of its discretion in passing on the motion for new trial might either have concluded that the verdict for Mrs. Krebs should be upheld, or that it was so high as to indicate passion and prejudice of the jury. In this situation we cannot interfere with the action of the trial court in granting a new trial as to Mrs. Krebs.

We have heretofore held that the order must be and is reversed in so far as it grants a new trial to defendant upon

the judgment in favor of Mr. Krebs. The order granting a new trial as to the judgment for Mrs. Krebs is affirmed.

Curtis, J., Thompson, J., Waste, C. J., and Langdon, J., concurred.

Rehearing denied.