[Crim. No. 2021.   Third Dist.   Apr. 2, 1948.]

THE PEOPLE, Respondent, v. HENRY JEFFERSON,
Appellant.

Wyatt, Green & Carr for Appellant.

Fred N. Howser, Attorney General, and Doris Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J.—On April 28, 1947, appellant was convicted by a jury on both counts of an information which charged him, in the first count, of an assault upon the person of one L. T. Releford with a deadly weapon, to wit, a .38 calibre revolver, and, in the second count, with having in his possession the said revolver he previously having been convicted of a felony in the State of Texas and served a term of imprisonment for said crime.

After his conviction a motion for a new trial was denied, and defendant has appealed from the judgment rendered, contending that the judgment should be reversed on seven grounds, which will be dealt with in the order stated by defendant in his brief.

The first contention is that the trial court erred in limiting defendant's *voir dire* examination of a prospective juror, Nellie W. Keitle. The record shows that what defendant's counsel sought to elicit from Mrs. Keitle was whether she knew the difference in proof required in civil and criminal cases—whether she knew that a civil case is to be decided upon a preponderance of the evidence, while in a criminal case a juror must be satisfied beyond a reasonable doubt and to a moral certainty. Mrs. Keitle's answers were that she knew the difference between the rules of law, that she would apply the rule applicable to criminal cases and would not hesitate to acquit defendant if she were convinced only by a preponderance of the evidence. At this point the trial judge advised counsel that the preponderance of evidence was not involved in the case, that the jury would be instructed as to the degree of proof required, that is, that they must be satisfied beyond a reasonable doubt, that the law to be applied was a matter for the court in its instructions, and that counsel should not attempt to preinstruct the jury on issues of law, but should leave such matters to the court. We are satisfied that no error was committed by the court in this connection. It is not the province of counsel on *voir dire* examination of prospective jurors to attempt to instruct them on matters of law. Such matters are for the trial court. It is said in 35 Corpus Juris 390-391, section 437: "The court may and should exclude questions [on *voir dire* of jurors] . . . which tend to mislead or confuse the juror . . .; which call for . . . his understanding of the meaning of legal terms and expressions. . . ."

In the case of *People* v. *Conklin*, 175 N.Y. 333 [67 N.E. 624, 626], which is often cited, the court said:

"The juror was asked whether he knew that, in law, the accused in a criminal case was to be presumed innocent until proved guilty, and that the proof in a criminal case must be stronger, in order to convict, than in a civil case involving like issues. The objection to these questions was properly sustained. The qualifications of a juror do not depend in any degree upon his knowledge or want of knowledge of the law of evidence as applicable to criminal trials. These were all matters of law, which the juror was bound to take from the

court. A juror cannot be a law to himself, but is bound to follow the instructions of the court in that respect, and hence his knowledge or ignorance concerning questions of law is not a proper subject of inquiry upon the trial of the challenge for cause.''

Also see *State* v. *Douthitt,* 26 N.M. 532 [194 P. 879, 880], quoting from *People* v. *Conklin.*

Nor can it be said in this case that the defendant was in any way prejudiced by the limitation put upon his examination of this prospective juror. She did not sit in the case, as she was challenged by the prosecution. Counsel for defendant expressed himself as satisfied with the jury finally selected, and it does not appear that he was not granted sufficient latitude to determine, on his examination of such jurors as sat in the case, that they were in a proper state of mind to try the case. Defendant did not exercise all of his peremptory challenges. The trial court correctly and adequately instructed the jury as to reasonable doubt, and no error in the giving of instructions is asserted. This court said in *People* v. *Chambers,* 22 Cal.App.2d 687, 705 [72 P.2d 746] :

''It has been said that while it is true that a reasonable latitude should be granted by the court in the examination of jurors on their *voir dire* with the object of ascertaining their state of mind with relation to the presence or absence of bias and prejudice, it is not only the privilege, but it is the duty of the court to restrict the examination of prospective jurors within reasonable bounds so as to expedite the trial. (*People* v. *Semone,* 140 Cal.App. 318, 326 [35 P.2d 379].)''

Appellant's next alleged ground for reversal is that after its ruling in the foregoing matter the court said: ''If the court has made an error in its ruling you have the right of appeal.'' No exception was taken to the remark, and no admonition to the jury requested; and we fail to see how it could have resulted in prejudice to defendant. See *People* v. *Danford,* 14 Cal.App. 442, 451 [112 P. 474] ; *People* v. *Savage,* 66 Cal.App.2d 237, 245 [152 P.2d 240] ; *People* v. *Bishop,* 134 Cal. 682, 686 [66 P. 976] ; 8 Cal.Jur. 510 ; *State* v. *Young,* 105 Mo. 634 [16 S.W. 408].

Appellant next claims that the evidence in the case was not sufficient to overcome the presumption of innocence of defendant, and to prove him guilty beyond a reasonable doubt, his argument in this connection being that the testimony of the complaining witness and his wife was so inherently improbable as to be wholly unworthy of belief, and that their testimony was conflicting.

All of appellant's argument in this behalf goes to matters properly determinable by a jury in considering the weight to be given to such testimony and the credibility of the witnesses. None of the respects in which the testimony is alleged to be improbable is such as justifies an appellate court in reversing a judgment of conviction where there is evidence in the case which, together with reasonable inferences therefrom, is sufficient to support the verdict of the jury. See *People* v. *Jackson,* 63 Cal.App.2d 586 [147 P.2d 94], and cases therein cited.

There is evidence in the case that the complaining witness, L. T. Releford, parked his car in front of appellant's house, and then, accompanied by his wife and his brother and sister-in-law, went to a bar where they stayed about two and one-half hours; that when Releford and his wife returned to their car appellant and a friend were standing on the steps of appellant's house; that appellant ordered Releford to "get the hell out of here," and then turned to his friend and said for him to wait a minute as he would need him to witness a killing; that Releford told Jefferson to mind his own business, whereupon the latter went back into his house, returned with a gun, came part way down the steps and pointing the gun at Releford, fired one shot. The bullet did not strike Releford, but struck the wall of a house on the opposite side of the street. It was later extracted and found to have been fired from defendant's gun. Upon the later arrest of defendant he obtained the gun from his bedroom and gave it to one of the officers to whom he admitted using it. This testimony is sufficient to support the verdict, and on this appeal this court must disregard conflicts and consider the evidence in the light most favorable to the prosecution. *People* v. *Eggers,* 30 Cal.2d 676, 685 [185 P.2d 1].

The fourth alleged error is that the court erred in refusing to permit defendant's counsel to cross-examine Releford regarding his activities during the evening preceding the alleged assault, for the asserted purpose of "determining, if possible, something of his condition at the time all this occurred"; that "in view of the character of his testimony it would seem quite relevant to an inquiry into those occurrences to know what he had been doing and the extent of his drinking, his condition, powers of observation and recollection and things of that sort." The court ruled that appellant could go into the extent of Releford's drinking that evening, but counsel stated he knew what the answer to that would be and was

not concerned with that; that if he could not ask him concerning his actions he would not go into it. He did, however, call Releford as his own witness, and examine him to considerable length regarding the events of the evening preceding the shooting, and without restriction by the trial court. We are unable to see that defendant suffered any injury by reason of the ruling of the trial court, and it does not appear that any testimony which he desired to elicit from the witness was not educed on the subsequent examination. See *San Francisco Iron etc. Co.* v. *American Milling etc. Co.*, 115 Cal.App. 238, 250 [1 P.2d 1008].

■ Appellant next complains that he was unduly restricted in his cross-examination of Henry Schwinden, a police officer called by the prosecution, who testified that after the shooting he went to defendant's house and talked to Jefferson, and that the latter took a gun from the dresser in his bedroom and gave it to the witness; that the revolver held five cartridges and an empty chamber; and that defendant said that was the gun he had discharged in front of his residence. In the course of his cross-examination of this witness counsel for defendant said: "Officer, what are you dodging? Why don't you tell me what happened there? What did he tell you what had happened?" The court thereon stated: "Just a minute, Counsel. You have no right to accuse this witness of dodging any issue." Counsel replied: "Very well," made no objection to the court's statement, and did not ask that the jury be instructed to disregard it. While the answers of the witness may have been unsatisfactory to counsel, we cannot say that they justified counsel in accusing him of "dodging"; and, since defendant's attorney took no exception to the ruling of the court, this court cannot say that defendant was prejudiced thereby. See 8 California Jurisprudence 510, section 522, for the applicable rule on alleged misconduct of a court. Also see *People* v. *Lawlor*, 21 Cal.App. 63, 66-68 [131 P. 63].

■ That the trial court erred in denying appellant's motion for a new trial is the next ground for reversal urged, appellant stating that at the time that order was made. the court said: "Anyway I believe there was quite a disturbance in the yard and that was the cause of the thing." This was in accord with the testimony of defendant and the friend who was with him, which was that Releford had pulled his wife from the car and was mistreating her, and that when defendant protested Releford made an attack upon him, and even attempted to enter his house when defendant retreated.

However, appellant omitted the portion of the court's statement that followed, which was: "I never could see any reason why he had for going into the house and getting the gun and coming out with it on any theory that he acted under self defense." In this conclusion the trial court was correct, for the testimony shows that when defendant returned with the gun and fired the shot Releford was in his car, and was in no way menacing the defendant. At any event the statement of the court was but an expression of opinion on one matter, and the denial of the motion for a new trial was its final conclusion. See *People* v. *Driggs,* 111 Cal.App. 42, 44 [295 P. 51]; *Diaz* v. *Schultz,* 81 Cal.App.2d 328, 332 [183 P.2d 717]; *Krebs* v. *Los Angeles Ry. Corp.,* 7 Cal.2d 549, 552 [61 P.2d 931].

The final ground for reversal urged is that though at the close of the People's case it was stipulated that defendant had previously suffered a conviction of a felony, as set out in the second count of the information, on cross-examination of the defendant the prosecuting attorney was permitted to ask him the nature of the offense of which he had been convicted. This, it is argued, was prejudicial because defendant's answer was that the previous conviction was for assault. No authority is cited in support of appellant's position, and the weight of authority supports the rule that a defendant may be asked the nature of a felony of which he has been previously convicted. See *People* v. *Williams,* 27 Cal.2d 220, 228 [163 P.2d 692], citing *People* v. *David,* 12 Cal.2d 639, 646 [86 P.2d 811], and *People* v. *Craig,* 196 Cal. 19, 28 [235 P. 721].

We find no grounds for reversal of the judgment rendered, and it and the order denying a new trial are accordingly affirmed.

Peek, J., and Thompson, J., concurred.