[Civ. No. 16218. First Dist., Div. One. Dec. 8, 1955.]

REX BIRCH, Appellant, v. WILLIAM J. MAHANEY et al., Respondents.

Albert Picard for Appellant.

Boyd & Taylor for Respondents.

PETERS, P. J.—Plaintiff brought this action against the owners and operators of a restaurant, claiming to have been injured therein by reason of the negligence of a waitress. Defendants denied the major allegations of the complaint, and pleaded contributory negligence as an affirmative defense. The cause proceeded to trial before a jury. The jury brought in a verdict for the plaintiff in the sum of $5,000. The defendants moved for a new trial on practically all of the statutory grounds. The trial court granted the motion "upon the insufficiency of the evidence to support the verdict." Plaintiff appeals.

Where the trial court has specified insufficiency of the evidence as the basis for granting a new trial, to secure a reversal, the burden on the appellant is a heavy one, indeed. In *Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689], the Supreme Court described this burden as follows: "In passing upon a motion for a new trial based upon the insufficiency of the evidence, it is the exclusive province of the trial court to judge the credibility of the witnesses, determine the probative force of testimony, and weigh the evidence. [Citation.] In considering the sufficiency of the evidence upon such motion the court may draw inferences opposed to those drawn at the trial [Citation],

and where the only conflicts consist of inferences deduced from uncontradicted probative facts, the court may resolve such conflicts in determining whether the case should be retried. [Citation.] It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court.'' (See also *Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357 [170 P.2d 465]; *Green* v. *Soule,* 145 Cal. 96 [78 P. 337]; *Grover* v. *Sharp & Fellows Contracting Co.,* 66 Cal.App.2d 736 [153 P.2d 83].)

 The facts of the present case indicate that the trial court acted within its powers in granting the motion.

On January 23, 1952, plaintiff, the manager of a life insurance agency, attended a sales meeting of the insurance company at The Chukker, a restaurant operated by defendants. Around noon the meeting adjourned to enable the restaurant employees to set the tables for lunch. Plaintiff testified that he joined a group of six or seven people near the end of the bar who were talking shop, and stood near the wall in the back of the group about 7 feet from the bar. This left an open passageway between where he was standing and the bar. The next thing plaintiff remembers he is holding his head and feeling dizzy. This testimony was corroborated by two witnesses, who also testified that they saw a waitress strike the plaintiff in the back of the head at the base of his skull with a tray while plaintiff was standing straight up near the wall, and away from the bar.

The testimony as to the circumstances of the accident was sharply contradicted by the waitress involved. She testified that she was bringing a plastic tray 36 inches in diameter loaded with food,[1] from the kitchen to the cocktail lounge, carrying it with her left hand; that as she approached the bar the passageway was so crowded that she was forced to stop; that she then said: ''Coming through please, hot'';[2] that while she was stopped the plaintiff, who was leaning over the bar, suddenly straightened up and his head struck the tray; that she did not see plaintiff before the accident.

It is quite apparent that plaintiff's evidence is ample to support the implied finding of the jury that the waitress was negligent and that such negligence was the proximate cause of the accident. But it is equally clear that the testi-

---

[1]Plaintiff testified that the tray contained only empty dishes.

[2]Two of plaintiff's witnesses testified that they did not hear the waitress say anything.

mony of the waitress directly contradicts that of plaintiff and his witnesses. If the accident happened as the waitress said it did, the jury could have found that she was not negligent, or, even if she were, that plaintiff was guilty of contributory negligence. The evidence being conflicting on the vital issue of negligence, the trial court's order granting a new trial on the ground of insufficiency of the evidence, under the rules already stated, must be affirmed.

Appellant seeks to evade the application of this rule by the contention that, although the order granting the new trial specified insufficiency of the evidence, on the argument on the motion for a new trial, the trial judge stated that in his opinion the only question upon which he had any doubt was whether the medical evidence produced by plaintiff showed a causal connection between the blow and the claimed injuries. The appellant devotes the major portion of his brief to demonstrating that the uncontradicted medical evidence shows such a causal connection and contends that, in view of the remarks by the trial judge, the correctness of this conclusion is the only question now before this court. We agree with appellant that Dr. Parisi testified, without contradiction and without ambiguity, that the claimed injuries were caused by the blow. It is not necessary to review that testimony, however,[3] because we are not limited on this appeal to the question urged by appellant. ▇ It is a well-settled rule that a general order granting a new trial will be affirmed if it can be sustained on any ground. (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165 [153 P.2d 338]; *Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357 [170 P.2d 465]; *Stone* v. *Los Angeles County Flood Control Dist.*, 81 Cal.App.2d 902 [185 P.2d 396]; *Smith* v. *Royer*, 181 Cal. 165 [183 P. 660].)

▇ Here there was a valid ground upon which the court could have acted, and we must conclusively presume that the court acted on that ground.

▇ Moreover, appellant is in no legal position to urge the point under discussion. Apparently the argument on the motion for a new trial was not transcribed. At any rate,

---

[3]Nor need we consider respondents' contention that the new trial could have been granted on the theory that the evidence as to the amount of damage does not sustain the $5,000 verdict. We agree with appellant that the uncontradicted evidence shows serious damage proximately caused by the blow, and that that same evidence would support the finding as to the amount of the damages. But, for reasons already stated, those issues are not before us in view of the conflict in the evidence on the issue of negligence.

it is not before us. Therefore, there is no way we can determine what the trial court said, if anything, at this time.

Another complete answer to this argument is that, even if the trial judge did make the statement in question, and even if there were a proper record so showing, such fact would not permit us to reverse the challenged ruling. ■ It is settled law that the remarks made by a trial judge during a trial or argument, or even an opinion filed by him, cannot be used to impeach a formal decision, order or judgment later made or entered. This well-settled rule was stated as follows in *Diaz* v. *Shultz*, 81 Cal.App.2d 328, 332 [183 P.2d 717], quoting from *People* v. *Driggs*, 111 Cal.App. 42, 44 [295 P. 51]: " '. . . it is what the court did, and not what the judge of the court stated during the course of the trial, that determines the course of our inquiry upon this appeal, as there is a vital distinction between what the judge of a trial court may say and what the trial court actually does. In other words, it is the legitimate privilege of a trial court, at the conclusion of an argument upon motion for new trial, to state his views concerning the case, and then, upon fuller and maturer deliberation, come to the conclusion that a different order should be made, and then to enter the same. When the cause is brought to an appellate court, argument as to what the trial court may have thought, as given utterance by the words used before final action is taken, cannot be considered unless directly in line with the subsequent orders made.' " In other words, the deliberations of the courts are conclusively merged in their final orders, decisions and judgments, and oral opinions or statements of the courts may not be considered to reverse or impeach such orders, decisions or judgments. ■ As was said in *Stone* v. *Los Angeles County Flood Control Dist.*, 81 Cal.App.2d 902, 907 [185 P.2d 396]: "While an opinion of the judge of the trial court will aid the appellate court in ascertaining the process by which a judgment has been reached it will not be considered in determining whether or not the verdict of the jury or the findings of the court are supported by the evidence. [Citations.] The order when made by the court concludes the case and it cannot be impeached by the judge's opinion. The question that concerns the reviewing court is whether or not the final decision, judgment or order is correct and not whether the reasons expressed in the opinion are in harmony with the result reached or whether they sustain the decision. [Citation.]" (See also *Williams* v. *Kinsey*,

74 Cal.App.2d 583 [169 P.2d 487]; *DeCou* v. *Howell,* 190 Cal. 741 [214 P. 444]; *People* v. *Jefferson,* 84 Cal.App.2d 709 [191 P.2d 487]; *Koon* v. *Sher,* 98 Cal.App.2d 530 [220 P.2d 784].)

The order appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.