[Civ. No. 3349. Fourth Dist. Nov. 1, 1944.]

SOUTHERN CALIFORNIA FREIGHT LINES (a Corporation), Appellant, v. SAN DIEGO ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

H. J. Bischoff for Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark and V. F. Bennett for Respondents.

MARKS, J.—This is an appeal from a judgment which denied plaintiff and cross-defendant, and defendant and cross-complainant recovery, one against the other.

The action grew out of a collision between a streetcar of defendant being driven west on "F" Street and a tractor and semi-trailer of plaintiff being driven south on First Avenue in the city of San Diego.

First Avenue runs north and south, and "F" Street east and west, the two intersecting at right angles. Both streets are paved, are 52 feet wide between curbs, and have 14-foot sidewalks on both sides. Double streetcar tracks run down "F" Street with the north rail 18 feet 6 inches south of the north curb.

The intersection is in the business district of San Diego and is obstructed, as defined in section 511 of the Vehicle Code, so the prima facie speed limit for motor vehicles was 15 miles an hour. The building on the northeast corner of the intersection has a triangular cutback of the southwest corner of its first story so that the view of "F" Street east of the intersection, and of First Avenue north of it, is less obstructed to those approaching it from the east and north than is the view in any other direction.

The trial court found in general terms that the operators of the streetcar and the semi-trailer were negligent and that their negligence was the proximate cause of the collision.

The sole question presented by counsel is the insufficiency of the evidence, as construed in a written opinion filed by the trial judge, to support the finding of negligence on the part of the driver of plaintiff's vehicle. We will, therefore, first direct our attention to evidence bearing on the negligence of plaintiff's driver, David Reese, being a proximate or contributing cause of the collision. If there is substantial evidence to support the finding that negligence on his part was a proxi-

mate, concurring or contributing cause of the accident, the judgment against plaintiff must be affirmed.

The accident happened at about 8:30 on the morning of May 7, 1942. The day was clear and the roadways were dry. Reese testified he was proceeding at a speed of from 15 to 20 miles an hour. Witnesses variously estimated the speed of the streetcar at between 15 and 35 miles an hour. One witness testified that the semi-trailer was traveling faster than the streetcar so there is substantial evidence to support the conclusion, if drawn by the trial court, that the semi-trailer entered the intersection at a speed of at least 20 miles an hour.

Reese testified that when about 100 feet north of the intersection he looked to his left but saw nothing approaching on "F" Street. In his deposition he had testified that he was about 70 feet north of the intersection when he made this observation. He testified during the trial that he looked again when about 40 feet north of the "F" Street property line but saw nothing; that he looked again when about two feet north of this property line and saw the streetcar about 100 feet east of the east property line of First Avenue. He further testified that he immediately applied his brakes and turned to his right but could neither stop his vehicle nor turn west on "F" Street, so that the streetcar and tractor drawing the semi-trailer came into collision near the north rail of the north street car track near the west property line of First Avenue, projected across "F" Street. Reese also testified that he heard the rumbling of a streetcar as he approached "F" Street but did not know whether the noise came from a car on that street or from cars on Broadway which was two blocks north of "F" Street.

This evidence clearly supports the finding of negligence on the part of Reese in two particulars,—first, in failing to keep a sufficiently vigilant lookout for approaching streetcars, and, second, in approaching the intersection at a speed that was not safe and prudent under the circumstances.

Railroad and streetcar tracks are warnings of danger. The rumbling of the streetcar heard by Reese was also an added and potent warning which he, as a prudent person, should have heeded. Because he was not sure where this noise came from does not excuse his failure to increase his vigilance until he determined that the noise did not predict a danger to himself and his vehicle. Under these circumstances the trial court

was fully justified in concluding that Reese failed to keep a proper lookout for the approaching streetcar and that this constituted negligence on his part.

Section 510 of the Vehicle Code provides in effect that no person shall drive a motor vehicle at a speed greater than is reasonable and prudent under circumstances existing at the time and "in no event at a speed which endangers the safety of persons or property."

Section 511 of the same code establishes a prima facie speed limit of 15 miles an hour in intersections such as we have here. Section 513 of the same code provides in effect that the speed of a motor vehicle in excess of the prima facie speed limit shall not establish negligence as a matter of law in a civil action but may constitute negligence as a matter of fact. Under the facts before us we believe that if the trial court concluded that the speed at which Reese approached and entered the intersection was negligence as a matter of fact under the circumstances of this case such conclusion would find evidentiary support.

■ Plaintiff's attack on the judgment is based on a novel ground. It attacks the written opinion of the trial judge and urges that "The trial judge's analysis of the possibilities confronting Reese does not conform to ordinary human experience." The argument is based largely upon estimates of time elapsing, of distances traveled by the semi-trailer and the streetcar at various speeds and their consequent positions on the streets prior to the accident, with the conclusion urged that Reese could not have seen the streetcar in time to have avoided the collision, had he looked, because of the supposed position of the streetcar on "F" Street.

This argument is ingenious and interesting but not particularly persuasive. The fact remains that the streetcar tracks were in front of Reese and he heard the rumblings of a streetcar. This should have warned him of probable approaching danger and should have increased his vigilance. Regardless of any computations of times and distances made by counsel, it is perfectly obvious that Reese could have seen the approaching streetcar before he reached the property line of "F" Street had he looked. He either did not look after he was 40 feet north of the intersection, as he testified, or he did not look with seeing eyes. Negligence as a matter of fact may be predicated on such an omission, so the conclusion drawn by

the trial court in its opinion does have evidentiary support regardless of the careful mathematical calculations of counsel for plaintiff.

Counsel for plaintiff argues that since the adoption of the new Rules on Appeal a written opinion of a trial judge may become a proper part of the record on appeal. (Subd. a, rule 5, Rules on Appeal.)  From this it is argued that such written opinion must be harmonious in all respects with the findings and judgment to support them on appeal. We do not believe that it was the intention of the rule makers to change the long established rule that the written opinion of the trial judge may not be used to impeach his solemn findings and judgment.  Such opinions are often an aid to an appellate court in order to disclose the process of reasoning of the trial judge in reaching his ultimate decision.  The new rules make such opinions available to appellate courts and this is as far as they go.  There is nothing in the rules evidencing a contrary intention.  (See 17 So.Cal.L.Rev. 107.)  As said in *De-Cou* v. *Howell,* 190 Cal. 741 [214 P. 444]:

"The deliberations of the court are conclusively merged in the judgment.  The findings of fact and conclusions of law constitute the decision which is the final, deliberate expression of the court.  To hold that oral or written opinions or expressions of judges of trial courts may be resorted to to overturn judgments would be to open the door to mischievous and vexatious practices.  Neither a juror nor a judge is permitted to impeach his verdict or judgment."

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied November 30, 1944, and appellant's petition for a hearing by the Supreme Court was denied December 28, 1944.