[Civ. No. 12984.   First Dist., Div. Two.   Apr. 10, 1946.]

BELLE REDSTED, Appellant, v. ABRAHAM L. WEISS
et al., Respondents.

Phil F. Garvey and George Olshausen for Appellant.

A. Don Duncan for Respondents.

NOURSE, P. J.—Plaintiff sued for the recovery of real property on the theory that the property was purchased by defendant Albert L. White acting as agent for plaintiff and title taken in the name of his daughter Reva L. White contrary to the terms of the agency. The cause was tried to the court without a jury and resulted in findings and judgment for the defendants. The burden of plaintiff's appeal is that the findings of fact and conclusions of law adverse to her are in conflict with a written opinion of the trial judge and with oral comments during the course of the trial.

In August, 1943, plaintiff took title to property at 431-435 Duboce Avenue in San Francisco. She employed defendant Weiss, whose name was changed to A. L. White, to make some repairs to the building. White was a carpenter but not a contractor. When plaintiff planned to convert the upper floors of the building into apartments she consulted White and the suggestion was made that he take a portion of the title in his name so that he could perform the work of conversion as part owner and thus avoid the necessity of securing a contractor's license. Plans were prepared which were rejected by the authorities and the parties were notified that the contemplated reconversion was contrary to the building laws and regulations. Plaintiff then attempted to purchase an adjoining property fronting on Belcher Street. She borrowed $100 from A. L. White which she paid to the agent of the owner. This was returned to plaintiff when the owner refused to sell. After repeated demands the $100 was returned to A. L. White, but not until after plaintiff had been compelled to redeem a bad check which she had given White for the purpose.

Plaintiff thereafter found that another piece of property was for sale. This is designated as 439-441 Duboce Avenue and is the property in suit. She testified that she made the offer in the name of Reva L. White with the understanding that title was to be transferred to her at a later date. In this she was contradicted in the testimony of defendant A. L. White and Reva L., and the trial court found that all the al-

legations of her complaint relating to the purchase of the property were untrue.

A large part of the voluminous transcript consists of testimony relating to the previous conversations of the parties relative to the reconversion of the property owned by plaintiff and has no bearing on the present controversy. From the relevant testimony it appears that plaintiff first attempted to purchase the property in suit but had no money to pay. She advised A. L. White that the property was for sale and he arranged for the purchase by his daughter Reva L. White. The latter paid $600 of her own funds and gave a deed of trust in the sum of $3,600 payable in monthly instalments of $65 with interest. The plaintiff paid nothing. Her testimony that A. L. White made the purchase as her agent and with an agreement to reconvey to her was contradicted by other witnesses and found untrue. The testimony fully supports the theory of the defendants that, though plaintiff first discovered that the property was for sale and expressed the desire to purchase it, she was unable to do so and permitted the defendants to complete the purchase in their own names and for their own purpose.

The first question argued by appellant is whether the judgment can stand on the findings of fact and conclusions of law which are contrary to some expressions of opinion made by the trial judge. The question is not a debatable one. Notwithstanding the rule of practice in the federal courts the accepted rule in the courts of this state is that: "Remarks of the trial judge made in the course of trial or in a final opinion of the court are ineffective to override the decision embraced in the findings and conclusions. (*DeCou* v. *Howell,* 190 Cal. 741, 751 [214 P. 444]; *Lord* v. *Katz,* 54 Cal.App.2d 363, 367 [128 P.2d 907]; *In re Lasker,* 51 Cal.App.2d 120, 124 [124 P. 2d 72].)" (*Wuest* v. *Wuest,* 72 Cal.App.2d 101, 107 [164 P.2d 32].)

Appellant's argument that the change in the Rules on Appeal (subd. a, rule 5) which make the written opinion of the trial judge a part of the record on appeal, alters the rule of the earlier cases is answered in *Southern Cal. etc. Lines* v. *San Diego etc. Ry. Co.,* 66 Cal.App.2d 672, 676 [152 P.2d 470], where the court said: "We do not believe that it was the intention of the rule makers to change the long established rule that the written opinion of the trial judge may

not be used to impeach his solemn findings and judgment. Such opinions are often an aid to an appellate court in order to disclose the process of reasoning of the trial judge in reaching his ultimate decision. The new rules make such opinions available to appellate courts and this is as far as they go. There is nothing in the rules evidencing a contrary intention. (See 17 So.Cal.L.Rev. 107.)''

■ Appellant argues that the defendant A. L. White was plaintiff's agent and that by putting the title in himself through his daughter he holds it subject to a resulting trust in favor of appellant. The trial court found that all the allegations of the complaint in support of this theory were untrue, and the evidence fully supports that finding. Since there was no agency, and no agreement to purchase for the benefit of appellant there could be no resulting trust. *Watson* v. *Poore,* 18 Cal.2d 302 [115 P.2d 478], and *Viner* v. *Untrecht,* 26 Cal. 2d 261 [158 P.2d 3], cited by appellant have no bearing in face of the adverse findings that there was no agency, no confidential relationship, and no agreement between the parties.

■ For the same reason appellant's argument that a constructive trust arose from the transaction must fall—the evidence and the findings do not support the premise. The argument on this and the previous question rests upon the mistaken theory that the appellate court should base its decision on the testimony of appellant alone and disregard the conflicting testimony and evidence, as well as the adverse findings of the trial court. It is true that the issues of a constructive or resulting trust were not specifically raised in the pleadings, but the findings are sufficiently comprehensive to embrace all pleadings upon which those issues could be discussed on this appeal. The confusion and evasiveness of the allegations of the amended complaint emphasize the wisdom of the rule upon which this court relied in *Palmer* v. *Burnham,* 72 Cal.App.2d 626, 627 [165 P.2d 50], from which we quote: ''In *Harris* v. *Harris,* 136 Cal. 379, 384 [69 P. 23], it was said: 'The rule is well settled that one who would claim the ownership of property of which the legal title stands of record in another, or that the same is held by such person in trust for the one so claiming, must establish such claim by evidence that is clear, satisfactory, and convincing. (*Woodside* v. *Hewel,* 109 Cal. 481 [42 P. 152]; *Plass* v. *Plass,* 122 Cal. 3 [54 P. 372].) Whether the evidence in any particular case is of this character must be determined by the trial court, and its

determination thereon will be accepted by this court as conclusive.' In accord are 25 Cal.Jur. p. 348; *Bollinger* v. *Bollinger*, 154 Cal. 695, 703 [99 P. 196]; *Noble* v. *Learned*, 153 Cal. 245, 251 [94 P. 1047]; *Lefrooth* v. *Prentice*, 202 Cal. 215, 227 [259 P. 947]; *Taylor* v. *Bunnell*, 211 Cal. 601, 606 [296 P. 288].''

Appellant failed to prove any cause for equitable relief. She paid nothing for the property and assumed no obligation to make any payment. She alleged that the down payment of $600 was made by Reva L. White with money which the latter agreed to loan to her, but she incurred no obligation to repay the loan. Her offer made in her complaint to repay this sum (or to permit it to stand as a mortgage against the property) was insufficient as a tender for any purpose. The respondent had purchased the property for $4,000. She paid $600 in cash, and gave a deed of trust for the balance payable in monthly instalments of $65. For appellant to tender a mortgage to secure the sum of $600, which would be second to this deed of trust, and her failure to tender what had been paid and what was due under the deed of trust, evidences bad faith on her part and eliminates any consideration of equities in her favor. The trial court, following an extensive trial, found that appellant had no legal or equitable interest in the property and the record fully supports this finding.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied May 10, 1946, and appellant's petition for a hearing by the Supreme Court was denied June 3, 1946.