[Civ. No. 13042. First Dist., Div. Two. June 5, 1946.]

FRANK D. JORDAN, Appellant, v. J. F. SCHRIEBER et al., Respondents.

Wm. R. Biaggi for Appellant.

Rankin, Oneal, Luckhardt & Hall for Respondents.

NOURSE, P J.—The plaintiff sued to quiet title to certain property in Santa Clara county which the defendants claim by virtue of a tax deed. The plaintiff had judgment and the trial court granted defendants' motion for a new trial on the ground that the evidence was insufficient to justify the decision, that the decision was against law, and that error had occurred at the trial, by minute order on June 12, 1945, and by an order entered June 20 stating that it was granted on all grounds set forth and particularly on the ground of insufficiency of the evidence.

There have been three trials of this action to date: the first commenced on February 5, 1942, before Judge Syer, who died prior to rendering a decision; the second concluded on March 18, 1943, before Judge Foley, who decided the case in favor of these defendants and then granted a motion for a new trial; the third commenced on May 8, 1944, and concluded on April 24, 1945, before Judge Del Mutolo.

William P. Jordan, plaintiff's father, acquired the real property in dispute from the United States Government under patent dated May 2, 1933. By patent dated in 1897 he acquired other real property adjoining that in dispute. This property was sold to the state for delinquent taxes in 1933. On April 23, 1940, W. P. Jordan died, but on May 1, 1939, he had transferred by grant deed both of these parcels to the plaintiff. This deed was not recorded. On the property in dispute taxes for 1935-1936 were not paid, and the property was included in the delinquent tax list published by the tax collector on June 5, 1936. This publication included a notice that unless taxes, penalties and costs were paid (amounting to $21.70) the property would be sold to the state on June 26, 1936. Current taxes were thereafter paid through 1940 by the plaintiff; the tax bills and receipts contained a notation that the property had been sold to the state in June, 1936, but the notation ''sold for taxes'' to the state was not placed on the assessment rolls after 1936, as required by Political Code, section 3680 then operative, and carried in effect into the revision in Revenue and Taxation Code, section 614.

On June 5, 1941, the tax collector forwarded a notice of tax sale to "William P. Jordan, 3855 Scott St., San Francisco" by registered mail. This notice stated that the property therein described which had been sold to the state for delinquent taxes of 1935, would be sold on July 1, 1941, if not redeemed prior thereto. This notice was returned undelivered. It had been sent to the wrong address and the addressee had died long prior to that date.

W. P. Jordan wrote to the auditor on June 6, 1938, requesting the amount of the delinquent taxes and penalties which had accrued against the second piece of property, particularly describing it in his letter and referring to the 1933 sale to the state. The description did not cover the property now in dispute. In this letter he gave notice of change of address from 3835 Scott Street, San Francisco, to Livermore. In ensuing correspondence conducted by Frank D. Jordan, the son of W. P. Jordan, and his counsel, Herbert McDowell, a redemption program was arranged for the property so described under the so-called 10-year installment plan. Installment payments commenced on June 24, 1938, and, after default, were renewed on April 20, 1940. On October 30, 1940, prior to a visit to the auditor's office related by the plaintiff, McDowell wrote to the auditor as follows: "I enclose certificate of installment payment of delinquent taxes and tax receipt 1939-1940 and memorandum statement. I would appreciate an estimate certificate on this ten year plan as my client wants to pay the same with this year's current 1940-1941 taxes, also as to what amount is now due on the memorandum statement as he wants to clear that up. . . . He can pay these amounts by December 1, 1940, so you could use that date in figuring interest etc. In other words he wants to pay everything that is now due and I would appreciate it if you would also let me know when the next payment under the 10 year plan should be paid so that it will be kept in good standing." (The enclosures referred to are not attached to the letter; a certificate of installment payment of delinquent taxes dated April 20, 1940, introduced as a part of plaintiff's exhibit 11, refers to property other than that in dispute; a memorandum tax receipt for 1939-1940 introduced as part of plaintiff's exhibit 8, covers the property in dispute as well as other property owned by W. P. Jordan.) McDowell testified that the information which he and appellant requested from the auditor in their visit of October or November, 1940, was the same as that requested in their correspondence.

It was and is the theory of the plaintiff that prior to the tax sale there had been an equitable redemption of the property. In this connection he testified that in company with his attorney, McDowell, he called upon the county auditor to inquire what taxes were owing in October or November, 1940. He testified that they first went to the tax collector's office to find out what the situation was ". . . on this property, on all property . . ." and were sent to the auditor's office where the appellant sought ". . . a statement on all my property so I could pay them up to date. . . ." He testified that he was told that a statement would be mailed to him. McDowell was thereafter notified that $30.55 would be due on the next installment payment and that sum was paid by check dated December 4, 1940; all sums requested by the county auditor have been paid.

Evidence was received of the assessment rolls in the possession of the county auditor showing that for the year 1935 assessments of taxes to W. P. Jordan appeared on the same page—number 38,065 covering the property in dispute, and number 38,066 covering the adjoining property acquired through the patent of 1897. The rolls for 1941 were also introduced showing, on the same page, assessments on the same properties numbered 54,191 and 54,192. The rolls for intervening years were not offered, but these disclose the condition of the books at the times the inquiries referred to were made.

An amended complaint to quiet title was filed by the plaintiff on February 20, 1942. The defendants alleged in their answer that they had acquired the property by a deed from the tax collector dated July 1, 1941, a copy of which was annexed to the answer. The court found that the plaintiff is the owner in fee and entitled to the property described in the amended complaint; that the defendants have no right, title or interest in the property; that prior to the tax sale the plaintiff made and completed an equitable redemption of the property; that except as to the completed equitable redemption the tax proceedings and the tax deed were regular and valid in all respects, and entered a decree quieting title in favor of the plaintiff.

On this appeal from the order granting a new trial the appellant argues that the respondents have shown no title to the property since the record does not disclose that their tax deed was received in evidence. It appears that when the deed was offered, appellant made a preliminary objection to

preserve his right to thereafter attack the validity of the deed, and stipulated that the court might reserve its ruling. Nothing further was done, but the cause was tried on the assumption that the deed was in evidence and that it was sufficient proof of respondents' title, if appellant's claim of equitable redemption was rejected. Appellant did not press for a ruling on his objection, but if we were to assume that the offer was rejected and that the judgment rested on that ground that would have been error sufficient in itself to support the order granting the new trial. But it is a settled rule of practice that a party who has tried his case in the trial court wholly or in part upon a certain theory may not change that theory on appeal. (2 Cal.Jur. 237.)

On the evidence heretofore recited the trial court found that "the plaintiff made and completed an equitable redemption of the said real property." This was the real issue between the parties. Manifestly, if the doctrine of equitable redemption prevails in this state, the testimony of all the witnesses, if believed by the trial court, was sufficient and competent evidence to sustain the finding. It is undisputed that the appellant and his counsel made inquiries of the proper county officers regarding *all* of appellant's properties for the purpose of paying all taxes due upon all his property in the county. It is true that the first letter addressed to the tax collector particularly described the second piece of property only, but it was not shown that when the inquiries were made several years later, orally and by correspondence, the officials then in office had knowledge of the earlier letter. But it is significant that, when appellant and his counsel visited the county offices to ascertain the amount of taxes due upon all appellant's property located in the county, the assessment rolls showed both parcels of property listed on the same page with the parcel here involved appearing immediately above the second parcel upon which it is conceded that redemption of all taxes was made. Thus for five years or more these county offices had both parcels listed to the same owner on the same page of the rolls under serial numbers the one immediately following the other.

Though we conclude that if the appeal were taken from the judgment we should hold that the evidence was sufficient to support the finding of an equitable redemption it does not follow that the order granting a new trial should be reversed. *Jones* v. *Sturzenberg*, 59 Cal.App. 350 [210 P. 835], and *Laist* v. *Nichols*, 139 Cal.App. 202 [33 P.2d 866] are the

only authorities in this state cited as supporting the doctrine of equitable redemption. Authorities from other states—*Conklin* v. *Cullen*, 29 Mont. 38 [74 P. 72] and *Menasha Wooden Ware Co.* v. *Harmon,* 128 Wis. 177 [107 N.W. 299]—impose a greater burden upon the taxpayer to show that he was completely without fault and that his failure to pay the full tax was due wholly to neglect of the public officers. But this is a question which should be argued and decided on an appeal from the judgment when the precise question of the application of the doctrine is the issue on the appeal. This results from a peculiar feature of the practice relating to an appeal from an order granting a new trial on the ground that the evidence is insufficient. The argument has been advanced that when the reviewing court concludes that the evidence is sufficient to support the judgment it should reverse the order granting the new trial and reinstate the judgment. But that practice is not approved in this state. Here the practice is that since the granting of the motion rests so completely within the discretion of the trial judge the reviewing court will not interfere unless a manifest and unmistakable abuse of discretion appears. See *Mazzotta* v. *Los Angeles Ry. Corp.,* 25 Cal.2d 165, 169 [153 P.2d 338], where numerous cases are cited. Here the question of discretion is scarcely debatable. Though we are satisfied that the evidence is sufficient to support the judgment it cannot be gainsaid that it is a "close" case which might have been decided either way. Where a trial judge may reach a conclusion either way on hearing the evidence (and two judges of the same county have differed in the same case upon substantially the same evidence) a reviewing court cannot say that one has committed "a manifest and unmistakable abuse of discretion" in granting a new trial on the ground of insufficient evidence.

For the purpose of clarifying the foregoing we restate: If the appeal here were from a judgment based on a finding of equitable redemption we would hold that the evidence was sufficient to support the judgment under the treatment of the doctrine of equitable redemption found in *Jones* v. *Sturzenberg, supra,* but since the trial court which made that finding granted a new trial upon all the statutory grounds including the ground that the evidence was insufficient to support that finding we must hold under the rule of the Mazzotta case that the appellant has failed to show that the order granting the new trial was an unmistakable abuse of discretion.

Since the order must be affirmed on the grounds stated it would serve no purpose to discuss appellant's grounds of attack upon respondents' title. ■ The settled rule is that the order must be affirmed if it can be sustained upon any ground. (*Campanella* v. *Campanella,* 204 Cal. 515, 522 [269 P. 433] ; *Mazzotta* v. *Los Angeles Ry. Corp., supra.*) Hence, anything which we should say in regard to these other grounds would be dictum and would merely embarrass the future trial of the case.

The order is affirmed.

Goodell, J., and Dooling, J., concurred.