[Civ. No. 15757. Second Dist., Div. One. Aug. 22, 1947.]

EDWARD DIAZ, a Minor, etc., et al., Appellants, v. ELLWOOD L. SHULTZ et al., Respondents.

Harold D. Geffen for Appellants.

Forest A. Betts and Gerald F. Smith, Jr., for Respondents.

WHITE, J.—This appeal arises out of an action instituted on behalf of Edward Diaz, a minor, by his guardian *ad litem*, Tony E. Diaz, and by Tony E. Diaz on his own behalf, to recover damages for injuries sustained by said minor as a result of his being struck by an ambulance owned by defendant Dr. Ellwood L. Schultz and driven by defendant George Ralph Chatigny, an employee of defendant Shultz, and who was driving the ambulance within the scope of his employment. Also involved in the accident was an automobile being driven by defendant Edward A. Smith.

In view of the sole ground upon which appellants base their appeal, we deem it unnecessary to here set forth the factual background which gave rise to this litigation. Suffice it to say that at the conclusion of the trial the court made findings

that the direct and proximate cause of the accident was the careless, reckless and negligent manner in which defendant Chatigny operated the ambulance which he was driving. That as a result thereof, the minor plaintiff, Edward Diaz, suffered damage in the sum of $9,000. That plaintiff Tony E. Diaz, ''has been deprived of the companionship and earnings of his son Edward Diaz and will continue so to be deprived, all to his damage in the sum of $500.00.'' The court also found that the defendant Dr. Ellwood L. Shultz, a physician and surgeon, ''submitted a bill for the reasonable value of his services rendered in caring for Edward Diaz to the date of trial''; that the reasonable value of such professional services was the sum of $1,567.75; that defendant Dr. Ellwood L. Shultz ''may personally offset against said judgment of $9,000.00 the sum of $1,567.75 in full settlement of all claims and demands of said Dr. Ellwood L. Shultz and Angelus Emergency Hospital'' (owned and operated by defendant Dr. Shultz) ''against Edward Diaz and Tony E. Diaz.''

As to defendant Edward A. Smith, the court found in his favor.

Judgment was accordingly rendered that the minor plaintiff Edward Diaz recover from defendants George Ralph Chatigny and Dr. Ellwood L. Shultz, the sum of $9,000, and that plaintiff Tony E. Diaz have judgment against the aforesaid defendants in the sum of $500. The judgment further provided that the defendant Dr. Ellwood L. Shultz might offset against the minor plaintiff's judgment of $9,000 the aforesaid sum of $1,567.75.

Defendants Dr. Ellwood L. Shultz and George Ralph Chatigny subsequently filed their notice of intention to move for a new trial, basing said motion, among other grounds, on the ground of insufficiency of the evidence to support the judgment. This motion came on regularly to be heard, was argued by respective counsel and submitted to the court, whereupon the following ensued:

''THE COURT: The same is granted, and it will be so ordered. You can win this case, Counsel——

.  .  .  .  .  .  .  .  .  .  .  .  .

''MR. GEFFEN (counsel for plaintiffs): May I have an indication of the basis of your Honor's granting the motion?

''THE COURT: Insufficiency of the evidence to support the verdict.

''MR. BETTS (counsel for defendants): I suppose that should be indicated in the minutes, is that right?

"The Court: That is right.

"Mr. Betts: Thank you, your Honor.

" (Mr. Betts leaves the courtroom.) "

Nine days thereafter a minute order was filed by the court in confirmation of the foregoing decision on the motion for a new trial and of the ground upon which said motion was granted.

The record reflects further that after the departure from the courtroom of counsel for the defendants, there was a further discussion between the court and plaintiffs' counsel. In that regard we quote the following from the reporter's supplemental transcript on appeal:

"Mr. Geffen: Would your Honor mind giving the basis of the insufficiency, so that we know the particular factual basis which would make it insufficient, as a matter of law?

"The Court: As a matter of law, I don't think I have the right, in the first place, to deduct what I did, so far as changing the figures.

"Mr. Geffen: Well, your Honor, would it not be proper then to find that the judgment should stand for the amount originally set forth, without the deductions?

"The Court: I don't think so, Counsel. You can win this case.

"Mr. Geffen: Yes, I understand, your Honor, but that means another trial.

"The Court: I know.

"Mr. Geffen: And we felt originally, as I said, that there shouldn't have been an offset credit on the judgment. That was not pleaded, and for that reason it should not be made a part of it. But your Honor has found from the facts as I understand it, from the liability standpoint, that there is liability; that it is simply a matter of the amount. I submit that your Honor has the right, in ruling upon this, to change the judgment to conform to the amount in dollars and cents. That would be proper where your Honor has found liability. I argued before that I questioned that offset in the judgment, but I don't feel, where your Honor has found liability, as a matter of law, and it is simply a question of whether an offset to a certain extent of that judgment should be made—— why wouldn't your Honor have the right to correct that portion of the judgment to establish the amount originally found?

"The Court: I am sorry I cannot, Counsel.

"MR. GEFFEN: But that is the basis, the offset?

"THE COURT: Yes.

"MR. GEFFEN: May that appear in the record?

"THE COURT: The reporter has it, yes.

"MR. GEFFEN: That is the sole ground, as I understand it, for the record, your Honor?

"THE COURT: That is right."

From the order granting defendants' motion for a new trial, plaintiffs prosecute this appeal, basing the same upon the sole ground that by virtue of the foregoing conversation between the court and plaintiffs' counsel after the departure of defendants' counsel, "it was an abuse of discretion to grant a new trial rather than to modify the judgment to strike therefrom an offset of the amount of the medical and hospital bills of defendant, Dr. Ellwood L. Shultz." Respondents have also filed a notice of motion to dismiss the appeal on the ground that the same is based on a proceeding "not truly a part of the record."

There can be little, if any, doubt but that if the presence in the judgment of the rights of defendant Dr. Ellwood L. Shultz to offset therefrom the amount of his medical and hospital bills was the sole ground for granting the motion for a new trial there would be considerable merit to appellants' contention that in not proceeding in conformity with the provisions of section 662 of the Code of Civil Procedure and modifying the judgment by striking therefrom the allowed offset, the court abused its discretion.

However, the question confronting us is whether the inconsistencies existing between the expressions of the trial judge made antecedent to the filing of his formal order ruling on the motion for a new trial can be considered by an appellate court to impeach the formal order entered.

When a new trial is granted upon the ground of insufficiency of the evidence to sustain the verdict or decision, section 657 of the Code of Civil Procedure requires such order to be in writing and filed with the clerk within 10 days after the motion is granted. In the case at bar the court, nine days after the aforesaid colloquy with appellants' counsel, filed such an order. Appellants earnestly insist, however, that the record above quoted shows that the sole ground for granting the motion for a new trial was because the court was of the opinion that error had been committed in allowing the offset. In support of their claim that in determining the true ground

upon which the motion was granted we are entitled to consider the statement made by the trial court prior to the filing of the order granting the motion for a new trial, appellants cite the cases of *People* v. *Driggs*, 111 Cal.App. 42 [295 P. 51], and *Krebs* v. *Los Angeles Railway Corp.*, 7 Cal.2d 549 [61 P.2d 931]. We do not regard these cases as being authority for holding that the written opinion or oral statement of a trial judge may be used to impeach his formal decision, order or judgment. In the first of the cases just cited, we find the following language at page 44:

". . . it is what the court did, and not what the judge of the court stated during the course of the trial, that determines the course of our inquiry upon this appeal, as there is a vital distinction between what the judge of a trial court may say and what the trial court actually does. In other words, it is the legitimate privilege of a trial court, at the conclusion of an argument upon motion for new trial, to state his views concerning the case, and then, upon fuller and maturer deliberation, come to the conclusion that a different order should be made, and then to enter the same. When the cause is brought to an appellate court, argument as to what the trial court may have thought, as given utterance by the words used before final action is taken, cannot be considered unless directly in line with the subsequent orders made. Thus, if an order is made granting a new trial on the ground of insufficiency of the evidence, if the opinion of the trial court points out wherein the evidence is insufficient, it is an aid to the appellate court in determining whether or not the discretion of the trial court has or has not been abused. But if the opinion contains expressions foreign to the order actually entered, the order entered, only, is controlling here."

The other case cited is readily distinguishable from the case at bar in that in said case the remarks made by the trial judge at the very time he rendered his order orally from the bench, when considered in the light of what he said on the preceding day, indicated that he had granted a new trial as to both plaintiffs there involved on the ground of excessive damages awarded to only one of them. However, in the case now engaging our attention, the trial judge, at the time he granted the motion orally from the bench, stated that it was granted on the ground of insufficiency of the evidence. And this he confirmed some nine days later when he filed the formal order. Under the circumstances here present we would not be justified in de-

parting from the salutary rule enunciated in a veritable forest of cases that the deliberations of courts are conclusively merged in their final orders, decisions and judgments, and that the oral or even written opinions of trial judges may not be considered for the purpose of reversing such orders, decisions or judgments (*Williams* v. *Kinsey*, 74 Cal.App.2d 583, 600, 601 [169 P.2d 487]; *DeCou* v. *Howell*, 190 Cal. 741 [214 P. 444]; *Redsted* v. *Weiss*, 73 Cal.App.2d 889, 891, 892 [167 P.2d 735]; *Southern California Freight Lines* v. *San Diego Electric Ry. Co.*, 66 Cal.App.2d 672, 676 [152 P.2d 470]; *Wuest* v. *Wuest*, 72 Cal.App.2d 101, 107 [164 P.2d 32]). In the instant case, it was the privilege of the trial judge after stating his views to appellants' counsel concerning the ground upon which the motion for a new trial should be granted, upon more mature deliberation, to come to the conclusion that a different order should be made, and then, as he did, to enter the same. To predicate a reversal herein upon the statements of the trial judge, made to appellants' counsel after he had orally ruled upon the motion for a new trial and in the absence of respondents' attorney, would as was stated in *DeCou* v. *Howell, supra,* page 751 "open the door to mischievous and vexatious practices."

The motion to dismiss the appeal herein is denied. The order appealed from is affirmed.

York, P. J., and Doran, J., concurred.