[Civ. No. 18393. Second Dist., Div. Three. Dec. 3, 1951.]

STEPHEN L. MAROSI, Appellant, v. J. W. ROBINSON COMPANY (a Corporation) et al., Defendants; ACME-LIME MANUFACTURING COMPANY (a Corporation), Respondent.

812

Goodstein, Moffitt & Weisman for Appellant.

Spray, Gould & Bowers for Respondent.

VICKERS, J. pro tem.—Appeal by plaintiff from order granting a new trial.

Plaintiff-appellant filed his complaint against the defendant-respondent and the defendant J. W. Robinson Company for damages resulting from the explosion of a rose sprayer while appellant was attempting to operate it. The complaint alleged the manufacture of the sprayer by respondent, its sale to the defendant Robinson Company, the purchase of it from that company by appellant's aunt and appellant's injury. It also alleged that respondent so negligently manufactured the

sprayer that it was dangerous and likely to explode and injure anyone near it and that this was known or by the exercise of reasonable care should have been known to respondent. By its answer respondent denied negligence and dangerous condition and alleged contributory negligence by appellant.

At the close of the presentation of plaintiff's case the trial court granted a nonsuit as to the defendant Robinson and Company. At the close of the trial the jury returned a verdict for $11,721 in favor of plaintiff against the remaining defendant, the respondent herein. Thereafter upon defendant's motion therefor, the trial court made an order granting a new trial and filed its memorandum of opinion. In the memorandum and in the order entered in the minutes the court declared the motion was granted "solely on the ground of the insufficiency of the evidence to justify the verdict."

Appellant attacks the order on the grounds that it is contrary to the evidence and that, since it appears from the court's memorandum, that the court granted the motion solely because of an erroneous conception of the law of proximate cause, the order must be reversed. On neither ground can appellant prevail.

Appellant was injured while preparing to fill the sprayer with an insecticide solution at the direction of his aunt. She had used the sprayer shortly after purchasing it two and a half months before appellant's injury and had stored it without removing the pump and rinsing and drying the tank as directed by the instructions printed on the tank. She had also used it on the day in question ·and had then directed the appellant to fill and use it. He testified in part as follows: That he turned the handle of the plunger to release the air pressure and then removed the plunger from inside the brass cylinder within the tank; that a few minutes later he returned and as he bent over the sprayer he noticed the cylinder was at an angle and canted; that at that moment the cylinder exploded from the tank and struck him. This cylinder was approximately 14 inches in length and 1¾ inches in diameter. It fitted into a circular aperture in the top of the tank there being approximately 4 one-thousandths of an inch clearance between it and the edge of the aperture. It had a rubber gasket at the top so that when the cylinder and plunger were fully inserted, and the handle of the plunger was turned to the right, this gasket would be sealed against the seat of the tank preventing the escape of air.

Appellant's expert witnesses testified that the tank

was poorly designed; that the plunger and cylinder should have been in one piece; that the amount of clearance between the cylinder and the seat of the tank was so slight that the cylinder could be canted and by forming a bind with the seat of the tank, prevent the air from escaping after the plunger had been removed; and that the cylinder might thereafter explode from the tank. The respondent introduced three expert witnesses whose qualifications appear to be at least as high as those of appellant's witnesses. Their testimony was in direct contradiction to that of appellant's witnesses on each of the above points. In addition, one of them testified that the sprayer was "constructed with good, established practice, and that with ordinary care and judgment it would be safe." Another one testified that "the sprayer is reasonably safe and manufactured in accordance with good engineering principles for the use to which it is intended." The sprayer was introduced into evidence and was examined by the trial judge.

Under such circumstances an appellate court cannot substitute its judgment for that of the trial court. The case of *Stone* v. *Los Angeles County Flood Control Dist.* (1947), 81 Cal.App.2d 902 [185 P.2d 396], which likewise was an appeal from an order granting a new trial, contains an excellent exposition of the law. ▪ At page 905 the writer of the opinion, Associate Justice Emmet H. Wilson, declares: "Since the granting of a motion for a new trial rests so completely within the discretion of the trial judge, his order will not be interfered with by the reviewing court unless it appears that there has been a manifest and unmistakable abuse of discretion. (*Jordan* v. *Schrieber*, 74 Cal.App.2d 800, 805 [169 P.2d 394]; *Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338], and cases cited; *Gallichotte* v. *California Mut. B. & L. Assn.*, 23 Cal.App.2d 570, 576 [74 P.2d 73, 535].) ▪ On appeal from an order granting a new trial all presumptions are in favor of the order as against the verdict and it will be affirmed if it can be sustained on any ground although the reviewing court might have ruled differently in the first instance. (*Mazzotta* v. *Los Angeles Ry. Corp. supra.*)

▪ "If the evidence is uncontradicted a trial judge may nevertheless draw inferences from it opposed to those drawn by the jury and it is only when, as a matter of law, there is no substantial evidence to support a judgment contrary to the verdict of the jury that an appellate court will reverse the order granting a new trial. (*Brooks* v. *Metropolitan Life Ins.*

*Co.*, 27 Cal.2d 305, 307 [163 P.2d 689]; *Williams* v. *Field Transportation Co.*, 28 Cal.2d 696, 698 [171 P.2d 722].)"

 Appellant's contention that the order must be reversed because it is shown by the trial judge's memorandum of opinion that he granted the motion under a misconception of the law as to proximate cause has no merit. Neither can he draw any comfort from the 1943 amendment to rule 5a of the Rules on Appeal whereby "any written opinion of the Superior Court" was added to the papers or documents which the appellant could designate for inclusion in the record on appeal. In the first place, a fair reading of the memorandum discloses that the judge granted the motion because he was of the opinion that the evidence did not establish negligence on the part of the respondent. In the second place, even if the memorandum was susceptible of the construction placed on it by appellant that would not benefit him. Again we turn to *Stone* v. *Los Angeles County Flood Control Dist.*, *supra*. At page 907 appears the following: "While an opinion of the judge of the trial court will aid the appellate court in ascertaining the process by which a judgment has been reached it will not be considered in determining whether or not the verdict of the jury or the findings of the court are supported by the evidence. (*Buckhantz* v. *R. G. Hamilton & Co.*, 71 Cal.App.2d 777, 781 [163 P.2d 756]; *Estate of Felton,* 176 Cal. 663, 667 [169 P. 392]; *Goldner* v. *Spencer,* 163 Cal. 317, 320 [125 P. 347]; *DeCou* v. *Howell,* 190 Cal. 741, 751 [214 P. 444].) The order when made by the court concludes the case and it cannot be impeached by the judge's opinion. The question that concerns the reviewing court is whether or not the final decision, judgment or order is correct and not whether the reasons expressed in the opinion are in harmony with the result reached or whether they sustain the decision. (*Buckhantz* v. *R. G. Hamilton & Co., supra.*)

 "Rule 5 (a) makes the opinion a part of the record on appeal and thereby places it officially before the reviewing court for its consideration, but it does not modify the limitations found in the foregoing citations upon the effect to be accorded it. (*Redsted* v. *Weiss,* 73 Cal.App.2d 889, 891 [167 P.2d 735]; *Southern Cal. Freight Lines* v. *San Diego El. Ry. Co.,* 66 Cal.App.2d 676 [152 P.2d 470]; *Williams* v. *Kinsey,* 74 Cal. App.2d 583, 601 [169 P.2d 487].)"

The order is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.